UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HOWARD HALEY,  ]
    Plaintiff,  ]  CIVIL ACTION NO. _____
vs.  ]
  ]  COMPLAINT
ANTHONY HAYNES, Warden,  ]  JURY TRIAL DEMANDED
DEBORAH FORSYTH, AW, SOI & E,  ]
ROBERT COUSSON, Factory Mngr.,  ]  CV210-122
LISA OGNILLA, Supervisor,  ]
FEDERAL PRISON INDUSTRIES,  ]
    Defendants.  ]
  ]

**Preliminary Statement**

This is a civil action filed pursuant to **Title II of the American with Disability Act, 42 U.S.C. §12132** and **The Rehabilitation Act, 29 U.S.C. §794(d)** by Howard Haley, a District of Columbia prisoner, alleging discrimination and violation of his due process rights under the United States Constitution.

**Jurisdiction**

1. The Court has jurisdiction over the plaintiff's claims of violation of his rights under the American with Disability Act and the Rehabilitation Act and his due process rights under the United States Constitution. See **28 U.S.C. §1331**.

**Parties**

2. The plaintiff, Howard Haley, is a District of Columbia prisoner currently incarcerated at Jesup Federal Correctional Institution;

(a) Plaintiff is a qualified individual under Title II of the American with Disability Act by virtue of his disability, i.e., the limited use of his right hand.

(b) That as a direct and proximate cause of the Defendant's unconstitutional acts, plaintiff was precluded from further participation in a Congressional

rehabilitation program and denied the benefits of said program, i.e., work skills and extra good time for working in Federal Prison Industries based on his handicap;

(c) Plaintiff, was excluded, denied the benefits of participation in Federal Prison Industries work program based on his pronounced disability and that the Defendants herein failed to provide reasonable accommodation based on his handicap.

(3) Defendant Anthony Haynes is employed by the Bureau of Prisons as the warden of Jesup Prison Complex and is directly responsible for the overall operations of said complex. He is sued in his individual and official capacity.

(4) Defendant Deborah Forsyth is employed by the Bureau of Prisons as an Associate Warden her duties include the supervision of industries. She is sued in her individual and official capacity.

(5) Defendant Robert Cousson is employed by the Bureau of Prisons as a factory manager his duty includes the day to day operation of the federal prison industries factory at Jesup. He is sued in his individual and official capacity.

(6) Defendant Lisa Ognilla is employed by the Bureau of Prison as a supervisor in federal prison industries her duties includes the supervision and accountability of inmates assigned to her detail. She is sued in her individual capacity.

(7) Defendant Federal Prison Industries is a entity promulgated by congressional act and is directly responsible for providing work programs for inmates to aid in their rehabilitation. Said entity is sued in its official capacity.

(8) At the Defendants have acted, and continue to act, under color of law at all times relevant to this complaint.

(9) Plaintiff have worked in Federal Prison Industries for over 48 months both at Atalanta and Coleman USP and at all times received satisfactory work evaluations.

(10) On Augsut 7, 2009, Plaintiff realizing that defendant Ognilla and Cousson were taking preparatory steps to have plaintiff terminated based on his disability herein placed defendants Forsyth and Cousson on notice that he was disabled and he was physically unable to perform the current job assignment and requested to be accommodated based on said disability. **See Exhibit A (Inmate request to staff member).**

(11) On August 7, 2009, plaintiff was terminated based on his inability to meet the job quota based on his disability.

(12) That although defendant Haynes did not commit the discriminatory acts and due process violations, he became responsible for them when he failed to correct them in the course of his supervisory responsibilities. A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct it. **See Lewis v Smith,** 855 F.2d 736 (11th Cir. 1988).

(13) Plaintiff have exhausted his administrative remedies by filing a BP-8, BP-9, BP-10 and BP-11 and adopts and incorporate same as if expressly rewritten herein as statement of the facts. **See Exhibit B (administrative remedies)**

**Relief Requested**

**WHEREFORE,** plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The termination of the plaintiff by the defendants violated the ADA and Rehabilitation Act and his due process rights to reasonable accomodation.

2. Defendant Haynes failure to prevent the discriminatory acts violated the plaintiff's constitutional rights.

3. That Federal Prison Industries failure to provide work opportunities for disabled inmates violates the American with Disability Act and Rehabilitation Act.

Issue an injunctive ordering the defendants to:

1. Immediately reassigned to Federal Prison Industries in a position consistent with his disability.

B. Award compensatory damages in the following amounts.

1. $250,000 jointly and severally against defendants Forsyth, Cousson and Ognilla for their discriminatory acts and denial of reasonable accommodation.

2. $150,000 against defendant Haynes for his failure to protect plaintiff against the defendants discriminatory acts when brought to his attention.

3. $500,000 against Federal Prison Industries for their discriminatory practices towards disabled persons and failure to provide work programs for disabled inmates at Jesup.

C. Award punitive damages in the following amounts:

1. $50,000 against each defendants named herein for their discriminatory acts, failure to provide reasonable accommodation and depriving plaintiff the opportunity of earning extra good time credit.

D. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,

Howard Haley
Howard Haley
Reg.#12029-007
Jesup F.C.I.
2680 Hwy 301 S
Jesup, GA 31599

## VERIFICATION

I **Howard Haley,** is a District of Columbia prisoner and is disabled by virtue of a disability to his right hand. I further aver that the facts as stated herein are true and correct to the best of my knowledge and recollection.

Submitted by,

*Howard Haley*
Howard Haley

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Howard Haley, hereby aver and declare that the below statements are true and correct and is submitted pursuant to pains and penalty of perjury, 28 U.S.C. §1746. I further aver that I am the complainant herein.

1. I have worked in Federal Prison Industries("Unicor") for more than 48 months despite my disability.

2. That prior to been employed by Unicor at Jesup it was more than obvious that I suffered a disability.

3. That I was assigned a job that required me to turn/flip 1800 shirts per day due to my disability I was able to accomplish approximately 900 per day.

4. That on or about August 6, 2007, defendants Robert Cousson and Lisa Ognilla spoke to me concerning my inability to turn/flip 1800 shirts per day.

5. That I advise defendants Cousson and Ognilla that while I was able to flip the shirts my handicap limit me to the amount I could accomplish.

6. That defendants Cousson and Ognilla advise me to find another job.

7. That on August 7, 2009, I personally spoke to defendant Forsyth and delivered her a inmate request concerning preparatory steps been taken to fire me from Unicor.

8. That defendant Forsyth advise me that I would not be terminated as she would find another position for me.

9. That despite the fact that the positions I felt I would be able to perform as required were filled by other inmates without a disability defendants Forsyth, Cousson and Ognilla failed to accommodate affiant herein.

10. That based on information and belief, defendants Forsyth, Cousson and Ognilla discriminated against affiant because of his disability.

11. That defendants Forsyth and Cousson contrary to Congressional intent operates Jesup Unicor as a sweat shop designed not to provide work skills to inmates but one geared at profit such as to receive bonuses.

12. That affiant have received satisfactory work evaluations while working in Unicor at Atlanta and Coleman USP's.

13. That at no time did affiant refused any work assignment as such refusal is a violation of Bureau of Prisons rules.

**AFFIANT FURTHER SAYETH NAUGHT**

Submitted by,

*Howard Haley*
Howard Haley, Affiant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing complaint and affidavit in support was hand delivered to prison authorities for mailing to the Office of the Clerk, U.S. District Court, P.O. Box 1636, Brunswick, Georgia, 31412, this 4Th day of August 2010, for delivery via U.S. Mail first class.

Submitted by,

*Howard Haley*
Howard Haley

| | U.S. DEPARTMENT OF JUSTICE |
|---|---|
| BP-A148.055 | FEDERAL BUREAU OF PRISONS |
| JUN 98 | |

**INMATE REQUEST TO STAFF**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| A.W Forsyth; Fcty, Mngr. R. Cousson | 08/07/2009 |
| FROM: | REGISTER NO.: |
| Haley, Howard | 12029-007 |
| WORK ASSIGNMENT: | UNIT: |
| UNICOR 2 | C-B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am a employee of UNICOR with a disability, as such I am presently unable to perform the current job assignment. Simply put, I was assigned a job inconsistent with my physical abilities. At present, I have identified two positions that I firmly believe I would be able to function in: (1) Turning sleeves in UNICOR 3 or (2) as an orderly. As such based on my disability I am requesting a job change to either of the above positions. I sincerely trust and hope that no form of discriminatory acts will be taken against me because of my disability, i.e, fired. Thank you kindly, for your time and attention to this matter.

(Do not write below this line) *Howard E. Haley*

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER    **SECTION 6**

U.S. DEPARTMENT OF JUSTICE                REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons
                              EXHIBIT B

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Haley, Howard**                    12029-007      CB        Jesup
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT       INSTITUTION

Part A- INMATE REQUEST

Subject: **Violation of the American with Disability Act**

This Administrative Remedy concerns the violation of the American with Disability Act by the following: A.W. Forsyth; Factory Manager Robert Cousson and Supervisor Lisa Ognilla. I am a District of Columbia prisoner presently placed in the BOP for service of a prison sentence. During my term of imprisonment I have worked in Federal Prison Industries("UNICOR") for more than 48 months at both Atlanta and Coleman(USP). On August 11, 2009, I was terminated by Unicor based on my inability to perform the job task assigned to me. Indeed, on or about August 7, 2009, realizing that Supervisor Ognilla and Mr. Cousson were taken steps to have me fired I sought assistance in preparing a BP-8 to A.W. Forsyth **(See attached)** advising her that I had a disability and that I had identified two jobs within Unicor that I firmly believe I could perform despite my disability(**Unicor 3(turning sleeves)** or **Unicor 6(orderly)**. Instead of replacing me in a position that I could perform the above named persons orchestrated to have me fired from Uncior. This action violates both BOP policy and Federal Law. **Title 28 C.F.R. 551.90** states: "([BOP] staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief. This includes the making of administrative decisions, and providing access to **WORK**, housing and programs"). **Continued . . .**

8-17-09                                              /s/ Howard Haley
_____                                       _____
    DATE                                             SIGNATURE OF REQUESTER

Part B- RESPONSE

_____                              _____
       DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

__FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE__         CASE NUMBER:_____
                                                            _____

                                                            CASE NUMBER:_____
Part C- RECEIPT
Return to: _____ _____ _____ _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.    UNIT       INSTITUTION
SUBJECT: __Violation of the American with Disabilty Act and 28 C.F.R. §551.90__

_____                                     _____
     DATE                                            RECIPIENT'S SIGNATURE (STAFF MEMBER)
USP LVN                                                                        BP-229(13)
                                                                               APRIL 1982

As the above Code of Federal Regulation makes clear B.O.P staff is precluded from discriminating against one because of their disability and this applies to access to "work". yet despite this clear Congressional command the above named individuals somehow decided that they are above Federal Law and need not follow its command when they fired the undersigned from working in Unicor as a disabled person. Not only did the above named persons violate B.O.P policy but also the American with Disability Act, **Title** II of which expressly prohibits a "public entity" from discriminating against a person afflicted with a disability. As previously pointed out I am a District of Columbia prisoner who is eligible for parole and working in Unicor is considered programming and I achieve good time credit for participating in such programs. Based on the fact that I have been relieved of my duties will undoubtedly lead to a unfavorable review by the parole board and extend my prison stay. What is evident is that the actions by the above named persons have deprived me of a protected liberty interest.

**Relief Requested**:

1. Immediate reinstatement to Unicor.
2. Assignment to a job assignment consistent with my disability;
3. Loss of pay and retention of accrued benefits.

**N.B.** If this matter is unresolvable I reserve the right to sue Mrs. Forsyth, A.W. SOI & E; Robert Cousson, Lisa Ognilla, and Federal Prison Industries for a sum of no less than **$250,000.00** for violation of the Americans with Disability Act. This statement should not be construed as the undersigned waiving his rights to bring such a suit in a court of law.

08/17/2009
Date

Howard S. Haley
Signature of Requester

# U.S. Department of Justice
## Federal Bureau of Prisons  ISSUED 9-9-09

# Regional Administrative Remedy Appeal
C2 / Spell

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Haley   Howard__       __12029-007__    __CB__    __Jesup__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT      INSTITUTION

## Part A—REASON FOR APPEAL

**Re: Remedy #554336-F1**

It's indeed rather appalling when the Courts sees it fit to sentence one to the BOP for rehabilitation purposes only then to have the very officials that are charged with carrying out the Court's objective relies on lies to justify their unconstitutional acts. A fair reading of the Warden's response suggest that the undersigned refused a particular job. This response is false in its entirety and if the undersigned had ever made such a statement to staff he would be charged with "lying to staff" and have sanction imposed. The truth of the matter and ably supported by record is that I sought employment in Unicor based on prior experience. At that time I was assigned to Unicor 2 and given direction that my job requirement requires that I flipped 1800 shirts per day. Based on my pronounced disability which was clearly known at the time I was hired I was only able to do a little over 900 shirts per day. Subsequently, I was given a warning by Mr. Cousson and Ms. Ognilla concerning work performance, i.e., my inability to flip 1800 shirts per day. Recognizing that steps were being taken to have me fired from Unicor I submitted a cop-out to A.W. Forsyth **[See Attached]** and spoke to her verbally informing her of my inability to perform the current task based on the quota schedule. I further pointed out to the A.W. that I had identified two other jobs that I could safely perform in light of my disability. The A.W. then assured me that she would reassigned me to Unicor 7. After reassignment to Unicor 7 supervisor Wilkins noted by disability and incapability with keeping up with the flow of the machine suggested that I perform the job as an orderly a job that I had previously requested. Sometime thereafter, Mr. Wilkins informed me that A.W. Forsyth had advise him that she does not want any orderly as Washington has charged her to decrease "indirect labor." As such, I was terminated. A review of Unicor records will show that I was terminated under Code 5 simply meaning that I was terminated because the program had been discontinued. Simply put, at no time did I refuse a particular job assignment. The fallacy of such argument is belied by my condition where as here I am a D.C. prisoner who receives benefit for parole purposes for working in Industries. Moreover, I have worked in tow other Unicor prior and received outstanding work evaluations. One of the jobs that I requested that was consistent with my disability was "turning sleeves" . . .

__9-11-09__                               __Howard T. Haley__
DATE                                       SIGNATURE OF REQUESTER

## Part B—RESPONSE

_____                       _____
DATE                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE                CASE NUMBER: __554336-R1__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Part C—RECEIPT

                                              CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____           _____
USP LVN   DATE   Previous editions not usable   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

a review of that job shows able bodied persons currently performing that task. The logical thing then to do was reassigned one of the able body person to the back of the dryer in Unicor 7 and replace the undersigned in that position. Instead, the tortfeasors herein(Mr. Cousson and Ms. Ognilla) found it more feasible to have me terminated unconstitutionally. The undersigned adopts and incorporate his BP-9 as if expressly rewritten herein and the relief as stated therein.

*Howard Haley*
Howard Haley

U.S. Department of Justice | Central Office Administrative Remedy Appeal

Federal Bureau of Prisons ISSUED 11-26-09    Step||

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Haley        Howard__   __12029-007__   __CB__   __Jesup__
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.   UNIT   INSTITUTION

## Part A—REASON FOR APPEAL

The Regional Director notes that per **PS 8120.02** mandates that the BOP aims to provide work to _all_ inmates whether afflicted with a disability or not. However, with conducting any investigation into the circumstances in which I was terminated from UNICOR the response merely states "the Warden's response adequately addresses your concern." A fair review will succinctly show that I was terminated under Code 5 of Unicor policy which correlates to "program discontinued" yet in reviewing the Warden's specious answer the Warden alludes that I refused to work after been offered an assignment. Refusing to work is sanctionable offense under BOP policy yet records does not indicate that I was so charged with such an offense. Suffice it to say, the simple truth of the matter is that I was terminated from UNICOR based on my disability and UNICOR directive to reduce "indirect labor". Simply put, I was terminated based on my disability and not because I refused a particular assignment. The fallacy of such conclusion belies my institutional work record where I have always receive commendable work evaluation from past supervisors in UNICOR. Accordingly, Appellant herein adopt and incorporates his BP-9 & BP-10 as if expressly rewritten herein and the relief as requested therein. **NB: Appellant reserves the right to bring a civil action against the tortfeasors herein for violation of the American with Disability Act.**

__12-02-09__                            __Howard T. Haley__
   DATE                                  SIGNATURE OF REQUESTER

## Part B—RESPONSE

RECEIVED
DEC 1 5 2009
Administrative Remedy Section
Federal Bureau of Prisons

_____                           GENERAL COUNSEL
   DATE                                 CASE NUMBER: __554336-A1__
ORIGINAL: RETURN TO INMATE

## Part C—RECEIPT
                                        CASE NUMBER: _____

Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

_____                    _____   BP-231(13)
   DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL   APRIL 1982
USP LVN

## ADMINISTRATIVE REMEDY RESPONSE

INMATE: HALEY, Howard
REG. NO.: 12029-007

REMEDY NO.: 554336-F1
RECEIVED: September 2, 2009

This is in response to your Request for Administrative Remedy in which you claim you were unfairly terminated from UNICOR.

On August 18, 2009, you were terminated from UNICOR because you could not perform the job for which you were hired. All job vacancies that were available at that time were offered to you; however, you refused prior to your termination from UNICOR.

Based on the aforementioned, your request is being denied. If you are not satisfied with this response, you may appeal on the appropriate form to the Regional Director, Southeast Regional Office, 3800 Camp Creek Parkway, SW., Building 2000, Atlanta, Georgia, 30331-6226. Your appeal must be received in the Regional Director's Office within 20 days of the date of this response.

_____
Anthony Haynes, Warden

9/4/09
Date

Regional Administrative Remedy Appeal No: 554336-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted September 17, 2009. You allege you were terminated because you were unable to perform the job assigned to you because of your disability. You allege you advised the AW(I&E) of two other jobs you could safely perform with your disability in UNICOR. You allege the notion you refused particular job assignments in UNICOR is false. You allege your termination was discriminatory and violates BOP policy and federal law. As relief, you request immediate reinstatement in UNICOR, assignment to a job consistent with your disability and "loss of pay and retention of accrued benefits."

Program Statement 8120.02, Work Programs for Inmates - FPI, states, "It is the policy of the Bureau of Prisons to provide work to all inmates (including inmates with a disability who, with or without reasonable accommodations, can perform the essential tasks of the work assignment) confined in a federal institution."

Our investigation reveals, the Warden's response adequately addresses your concerns. Evidence does not support discrimination or violations to BOP policy or federal law.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

_11/5/09_
Date

_____
Regional Director, SERO

**Administrative Remedy No. 554336-A1**
**Part B - Response**

You appeal the decision of the Warden and the Regional Director to deny you reinstatement into UNICOR. You allege that you were unfairly removed from your job assignment in UNICOR because of your disability. You deny that you refused alternative job assignments in UNICOR. You allege your termination was discriminatory and violates BOP policy and federal law.

Our records reveal that the Warden and Regional Director properly addressed the termination issue raised in your appeal. On August 18, 2009, you were terminated from UNICOR because you could not perform the job for which you were hired. As noted in your Warden's response, all job vacancies that were available at the time were offered to you; however, you refused these positions prior to your termination from UNICOR.

Accordingly, your appeal is denied.

4/26/2010
Date

Harrell Watts, Administrator
National Inmate Appeals