IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

Civil Action No.: CV210-122

HOWARD HALEY,

    Plaintiff,

vs.

ANTHONY HAYNES: DEBORAH
FORSYTHE: ROBERT COUSSON;
and FEDERAL PRISON INDUSTRIES,

    Defendants.

_____/

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants' herein have filed a Motion to Dismiss predicated upon three(3) grounds: (1) Failure to state a claim upon which relief cane be granted; (2) the court lacked subject matter jurisdiction over any claim under the ADA and over any claim for punitive damages; and (3) Defendants' are entitled to qualified immunity. Plaintiff submits that Defendants' assertions are baseless and must be rejected based on the reasons set forth below.

### GENERAL LAW

In reviewing a motion to dismiss, the court must accept as true "well pleaded facts and reasonable inferences drawn from those facts. Unsupported conclusions of law or mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." **Darylmyple v Reno**, 334 F.3d 991, 996 (11th Cir. 2003)(quotation omitted). "A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted deductions or facts or legal conclusions masquerading as facts." **Sarver v Jackson**, 344 Fed. Appx. 526, 527 n.2 (11th Cir. 2009)(quotation omitted).

A plaintiff must allege enough facts to state a claim for relief that is plausible on its face and sufficient to raise the right to relief beyond a speculative level. **Bell Atlantic Corp.; v Twombly**, 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To do so, a plaintiff must do more than provide labels and conclusions or a formulaic recitation of the elements of a cause of action. Id. @ 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. **Ashcroft v Iqbal**, 129 U.S. 1937, 1950, 173 L.Ed. 2d 868 (2009).

In considering a Rule 12(b)(6) motion the court must accept all factual allegations in the complaint as true, construing the allegations drawing all reasonable inferences in the light most favorable to the plaintiff. **Castro v Sec'y of Homeland Sec.**, 472 F.3d 1334, 1336 (11th Cir. 2006). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" **Erickson v Pardus**, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007). Ordinarily, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting **Bell Atlantic Corp. v Twomby**, supra, 550 U.S. @ 555. Applying the liberal standard of review owed to pro se pleadings, Plaintiff submits he has arguably stated a claim upon which relief can be granted.

This court should be mindful that the granting of a motion to dismiss is disfavored and rare. **Sosa v Coleman**, 646 F.2d 991, 993 (5th Cir. Unit B 1981). Furthrmore, a claim, especially one presented in a case by a pro se litigant, should not be dismissed unless it appears that the plaintiff can prove no facts upon which would entitle him to relief. **Dykes v Hoseman**, 743 F.2d 1488, 1499 (11th Cir. 1984). Plaintiff submits that the facts as alleged arguably state a claim upon which relief can be granted.

### B. Individual Defendants Are Not Liabe Under the ADA/Rehabilitation Act.

Defendants' are correct that the ADA does not provide for individual liability.

### C. FPI is not an "Employer" For Purposes of Liability Under The ADA

Defendants' assert that the ADA does not apply to FPI as it is a wholly owned government corporation known by the trade name Unicor and as such are immune to suit. Simply put, Defendants' argument is premised on the grounds that FPI is not an employer. However, Defendants' overlooks that the Supreme Court has extended the reach of the ADA to disability discrimination against prisoners. **See Pennsylvania Dep't of Corr. v Yesky**, 524 U.S. 206, 212 (1998).

### D. Punitive Damages Are Not Available under the ADA/Rehabilitation Act.

Defendant is indeed correct that neither the ADA or Rehabilitation Act provides for punitive damages against FPI. However, the Court is not precluded from issuing Injunctive and/or Declaratory relief or awarding comepensatory damages. Indeed, since 1978 the federal government have been amenable to suit under either §501 or 504 for disability discrimination.

### E. FPI is Not a Proper Defendant Under the Rehabilitation Act

Defendants' are again correct that FPI is not a proper Defendant under the Rehabilitation Act as the proper defendant is the head of the employing department, agency or unit.[1]

---

[1] See Amended Complaint listing Harley Lappin as Defendant

## F. Haley Has Failed to Plead Facts Sufficient to Plausibly Allege A Rehabilitation Act Claim

Defendants' contention that Plaintiff have not plead sufficient facts to plausibly allege a Rehabilitation Act claim is specious at best. Applying the liberal construction due to pro se pleadings it is more than evident that Plaintiff have arguaby shown that the Defendants' have violated the Rehabilitation Act.

The elements of a prima facie case of discrimination under the Rehabilitation Act are essentially the same as that under the ADA, except for the additional requirement of showing the defendant is a recepient of federal funds. **Ellis v England**, 432 F.3d 1321, 1326 (11th Cir. 2005). Here, sub judice it is more than evident that FPI which is an entity of the BOP is a recepient of federal funds. Moreover, Defendants' were aware of an employee's disability, refuses to provide a requested reasonable accomodation and have failed to show that the proposed accomodation would interfere with the stated goals of providing meaningful work for inmates such as to provide inmates with the opportunity to acquire the knowledge, skills, and work habits which will be useful when released from the institution.

### 1. Hales Has Failed to Plausibly Allege That He has An Impairment

Plaintiff has a pronounced physical impairment which substantially limits one or more major life activities(work); (2) has a record of such impairment(**Exhibit B**) and (3) is reagared as having such an impairment. Defendants' contention that Plaintiff's only suggest that he was unable to perform the "single, particular job" of "flipping" shirts is contrary to the facts as plead. A fair review of same succinctly shows that Plaintiff was able to perform the work but just not to the standard required by Defendants'.

### 2. Haley Has Failed To Plausibly Allege That He Has A Substantial Impairment

Again applying a liberal construction to Plaintiff's pleadings and drawing reasonable inferences therefrom. It is obvious that there are more than the two jobs that Plaintiff identified that he could accomplish despite his disability. Plaintiff adopts and incorporate by reference his response as stated above.

### 3. Haled Has Failed To Plausibly Allege That He Requested And Was Denied A Reasonable Accomodation

A review of Palintiff's sworn affidavit succinctly shows that on August 7, 2009, Plaintiff spoke to Defendant Forsyth and place her on notice of the intended actions of Defendant Cousson in which Defendant Forsyth advise Plaintiff that he would not be terminated from his job in UNICOR based on his disability. As discovery will show at the time there were open positions available such as to provide Plaintiff reasonable accomodation consistent with his disability and Bureau of Prison policies.

### G. Haley's Complaint Fails to Plausibly Allege A Due Process Claim

Defendants' contends that Plaintiff cannot show a violation of his due process rights as he must show that he held a protected liberty interest in his UNICOR job. While it is indeed true, that Plaintiff has no protected liberty interest in maintaining a job in UNICOR. Defendants' simply overlook the indisputable fact that Plaintiff does have a protected liberty interest in participating in a Congressional work program designed to assist federal prisoners in becoming productive members of society upon release. Moreover, as advance Plaintiff lost the opportunity to obtain extra good time credit based on his status as a District of Columbia prisoner.

### H. Haley's Complaint Fails to Plausibly Allege an Equal Protection Claim

Defendants' assert that there is nothing in the complaint to suggest that the actions of the individual defendants were anything more than mere errors or mistake in judgment, or abritary administration of prison or FPI

regulations. Plintiff submits that discovery will uncover that UNICOR does not have but one potentially disabled person working from the inmate populace; does not have a quota requirement or work standards for qualified disabled inmates and as such have operated UNICOR in an arbitrary and discriminatory manner inconsistent with Bureau of Prisons Policy[**Exhibit C**].

### I. A Bivens Cause of Action Should Not Be Created Here Because Haley Has An Alternative Remedy

Defendants argue that no <u>Bivens</u> action should be allowd sub judice because Plaintiff have a potential recourse under the Rehabilitation Act if he had stated a well pleaded complaint. However, as Defendants correctly pointed out monetary damages cannot be initiated against the Defendants. As such the only available provision allowed to punish Defendants for their unconstitutional acts lies within the confines of <u>Bivens</u>. Plaintiff submits that his <u>Bivens</u> claim is not barred.

### J. Haley's Complaint Fails to Plausibly Allege A Bivens Against Defendant Haynes Because it Fails to Allege Adequate Personal Involvement by Haynes

The law is well established in the Eleventh Circuit, "a supervisor who learns of a consitutional violation through an report or appeal may be held liable for failing to correct it." **See Lee v Smith,** 855 F.2d 736 (11th Cir. 1988). Here sub judice, Defendant Haynes knew of the violation and acquiesced in its conduct even after becoming aware of the discriminatory practices been employed by UNICOR. Moreover, as discovery will show discriminatory practices are rampant in UNICOR such as to place Defendant Haynes on notice that inmates were being openly discriminated against.

### K. The Individual Defendants Are Entitled To Qualified Immunity

The Defendants are not entitled to qualified immunity the law was clearly establshed at the time of the violation that both the American with Disability and Rehabilitaion Act precluded the discrimination against persons with disabilities. Moreover, the Supreme Court had made clear that the ADA

has made clear that the ADA and Rehabilitation Act applies to prisons. See **Pennyslvania v Dep't of Corr. v Yesky**, 524 U.S. 212 (1998).

## CONCLUSION

It is more than evident that Defendants' have violated clearly established law, indeed their very own Policies prohibits discrimination based on one's handicap. Contrary to Defendants' assertion their conduct was not "mistake" or "misunderstaning". The matter should proceed to trial.

Submitted by,

Howard Haley
Reg. #12029-007
Jesup F.C.I.
2680 Hwy 301 S.
Jesup, GA 31599

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 18th day of February, 2011, I , personally hand delivered a true and correct copy of the foregoing instrument affixed with sufficient stamp to effectuate delivery upon counsel for Defendants' to Prison Authorities:

Melissa Mundell, AUSA
P.O. BOx 8970
Savannah, GA 31412

Submitted by,

Howard Haley

-7-

Ex. C

OPI:      FPI
NUMBER:   8120.02
DATE:     7/15/99
SUBJECT:  Work Programs for Inmates - FPI



U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: FPI
NUMBER: 8120.02
DATE: 7/15/99
SUBJECT: Work Programs for Inmates - FPI

1. [PURPOSE AND SCOPE §345.10. It is the policy of the Bureau of Prisons to provide work to all inmates (including inmates with a disability who, with or without reasonable accommodations, can perform the essential tasks of the work assignment) confined in a federal institution. Federal Prison Industries, Inc. (FPI) was established as a program to provide meaningful work for inmates. This work is designed to allow inmates the opportunity to acquire the knowledge, skills, and work habits which will be useful when released from the institution. There is no statutory requirement that inmates be paid for work in an industrial assignment. 18 U.S.C. 4126, however, provides for discretionary compensation to inmates working in Industries. Under this authority, inmates of the same grade jobs, regardless of the basis of pay (hourly, group piece, or individual piece rates) shall

© 2009 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# MEDICAL REPORT OF DUTY STATUS

EX. A