UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2011 MAR 21 AM 10: 57

CLERK_____
SO. DIST. OF GA.

CIVIL ACTION NO. CV210-122

HOWARD HALEY,

    Plaintiff,

vs.

JURY TRIAL DEMANDED

HARLEY LAPPIN; ANTHONY
HAYNES; ROBERT COUSSON;
DEBORAH FORSYTH; BUREAU
OF PRISONS; and FEDERAL
PRISON INDUSTRIES,

    Defendants.
_____/

## AMENDED COMPLAINT

**Preliminary Statement**

    This is a civil action filed pursuant to Title II of the American with Disability Act, 42 U.S.C. §12132; The Rehabilitation Act, 29 U.S.C. §994(d) and **Bivens v Six Unknown Federal Agents**, by Howard Haley, a District of Columbia prisoner, alleging discrimination and violation of his due process rights under the United States Constitution.

**Jurisdiction**

    1. The Court has jurisdiction over the Plaintiff's claims of violation of his rights under the American with Disability and Rehabilitation Acts, his due process rights under the United States Constitution.

**Parties**

    2. The Plaintiff, Howard Haley, is a District of Columbia prisoner currently incarcerated at Jesup Federal Correctional Institution. That despite Plaintiff's disability and request to be reasonable accommodated consistent with his disability Plaintiff was terminated based on his handicap and in

violation of **28 C.F.R. §345.12(d)**. That Defendants Forsyth and Cousson in an attempt to cover-up their unconstitutional acts falsely noted in Plaintiff's work file that the program had been discontinued. Accommodating Plaintiff would not have caused any undue hardship on the Program.

3. Defendant Harley Lappin is the Director of both the Bureau of Prisons and Federal Prison Industries and is responsible for the safe keeping and rehabilitation of federal prisoners entrusted to the Bureau of Prisons care by a court of competent jurisdiction. Defendant Lappin is sued in his official and individual capacity.

4. Defendant Haynes is employed by the Bureau of Prisons as the Warden of Jesup Federal Prison Complex and is directly responsible for enforcing Bureau policies and the overall operation of said complex. He is sued in his official and individual capacity.

5. Defendant Forsyth is employed by the Bureau of Prisons as an Associate Warden her duties includes the supervision of UNICOR(Jesup) and Education. She is sued in her individual and official capacity.

6. Defendant Cousson is employed by the Bureau of Prisons as a factory manager of Unicor(Jesup), his duties includes the day to day operations of the Federal Prison Industries at Jesup. He is sued in his official and individual capacity.

7. Defendant Lisa Ognilla is employed by the Bureau of Prisons as a Supervisor in Federal Prison Industries her duties includes the supervision and accountability of inmates assigned to her detail. In as much at all times relevant herein Ognilla was acting at the direction of Defendant Cousson she is not sued in any capacity.

8. Defendants Federal Prison Industries is an entity of the Bureau of Prisons and is directly responsible for providing work programs for inmates to aid in their rehabilitation so as to be productive citizens upon their release. Said entities is sued in its official capacity.

9. Plaintiff is a qualified individual under Title II of the ADA by virtue of his disability, i.e., limited use of his right hand. **See Exhibit A.** As a direct and proximate cause of said disability, Plaintiff is unable to perform in a wide range of available jobs in Federal Prison Industries(Jesup), for example, mechanic, sewing machine operator(manual or automatic); printer; shipping and handling. Plaintiff's disability is not short term but permanent.

10. That as a direct and proximate cause of defendants' unconstitutional acts, Plaintiff was precluded from participating in a Congressional Rehabilitation program and effectively denied the benefits of said federal program, i.e., work skills and extra good time credits for working in Federal Prison Industries as a result of him being handicap.

11. That as a direct and proximate cause of Plaintiff's disability, Plaintiff was excluded, denied the benefits of participation in Federal Prison Industries work programs while other prisoners' were able to enjoy the benefits of said program in direct conflict with Bureau of Prisons policy and **28 C.F.R. §551.90(Non-Discrimination)** towards inmates, despite Plaintiff having previously participated in Federal Prison Industries work programs for 48 months while receiving satisfactory work evaluations without incident.

12. That at all times relevant Defendants' have acted and continue to act, under color of law at all times relevant to this complaint. Despite clearly established laws that the ADA applied to Prisons and Bureau of Prisons Policy explicitly prohibits discrimination based on handicap Defendants exhibited an animus towards Plaintiff a disabled person as defined under law.

13. That on August 7, 2009, Plaintiff explicitly placed Defendant Cousson and Forsyth on notice that he was disabled and requested that reasonable accommodation be made to accomodate him based on his disability. Instead of providing Plaintiff with a quota to facilitate his disability Defendant Cousson and Forsyth unlawfully terminated Plaintiff based on his disability.

14. That although Defendants Lappin and Haynes did not commit the discriminatory acts and due process violations, he became responsible for them when he failed to correct them in the course of his supervisory responsibilities. See **Lewis v Smith**, 855 F.2d 736 (11th Cir. 1988)("A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct it").

15. Plaintiff have exhausted his administrative remedies by filing a BP-8, BP-9, BP-10 and BP-11 and adopts and incorporate same as if expressly rewritten herein as statements of the facts.

**WHEREFORE,** Plaintiff requests that the Court grant the following relief:

A. Issue a Declaratory Judgment stating:

1. The termination of Plaintiff by Defendants' violated the American With Disability and Rehabilitation Act and Plaintiff's due process rights to be reasonable accommodated.

2. Defendant Haynes and Lappin failure to prevent the discriminatory acts violated the Plaintiff's constitutional rights.

3. That Federal Prison Industries failure to provide work opportunities to disabled inmates violates the American with Disability and Rehabilitation Acts and Bureau of Prison Policies.

B. Issue an injunction ordering the Defendants to:

1. Immediately reassigned Plaintiff to Federal Prison Industries in a position consistent with his disability.

C. Award compensatory damages in the following amounts:

1. $250,000 jointly and severally against Defendants' Forsyth and Cousson for their discriminatory acts and denial of reasonable accommodation.

2. $150,000 against Defendants Haynes and Lappin jointly and severally for their failure to protect Plaintiff against Defendants' Forsyth and Cousson discriminatory acts when brought to his attention.

3. $500,000 against Defendant Bureau of Prisons and Federal Prison Industries for their discriminatory practices toward disabled persons and failure to provide work programs and work standards for disabled inmates at Jesup.

D. Award Punitive Damages in the Following Amounts:

1. $50,000 against Defendants' Forsyth, Cousson and Haynes for their discriminatory acts, failure to provide reasonable accommodation and depriving Plaintiff the opportunity to participate in a federal work program based on his disability and his opportunity to earn extra good time credit as other prisoners similar situated.

E. Grant any other relief as it may appear that Plaintiff is entitled.

Respectfully Submitted,

*Howard Haley*
Howard Haley
Reg.#12029-007
Jesup F.C.I.
2680 Hwy 301 S.
Jesup, GA 31599

CERTIFICATE OF SERVICE

I Hereby Certify that a true copy of the foregoing was served on Counsel for Defendants' this 10th day of February.

s/ Howard Haley

-5-

# MEDICAL REPORT OF DUTY STATUS

**NAME** Thomas Hurley

**ADDRESS**

**HOSPITAL REGISTRATION NO**

| INPATIENT | INCLUSIVE DATES OF TREATMENT From: | Through: | | |
|---|---|---|---|---|
| OUTPATIENT | DATE | TIME ARRIVED AM/P.M. | | TIME DEPARTED AM/P.M. |
| DISPOSITION | Can resume usual occupation | DATE | Can perform limited duties as specified under REMARKS | DATE |
| | To return to clinic | DATE | To be hospitalized | DATE |
| | OTHER (Specify) | | | |

**REMARKS** (illegible handwriting)

**NAME AND LOCATION OF HOSPITAL OR CLINIC**

**SIGNATURE OF MEDICAL OFFICER OR MEDICAL RECORD LIBRARIAN**

**DATE**

Ex. A.

OPI:       FPI
NUMBER:    8120.02
DATE:      7/15/99
SUBJECT:   Work Programs for Inmates - FPI



U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI:     FPI
NUMBER:  8120.02
DATE:    7/15/99
SUBJECT: Work Programs for Inmates - FPI

1. [PURPOSE AND SCOPE §345.10. It is the policy of the Bureau of Prisons to provide work to all inmates (including inmates with a disability who, with or without reasonable accommodations, can perform the essential tasks of the work assignment) confined in a federal institution. Federal Prison Industries, Inc. (FPI) was established as a program to provide meaningful work for inmates. This work is designed to allow inmates the opportunity to acquire the knowledge, skills, and work habits which will be useful when released from the institution. There is no statutory requirement that inmates be paid for work in an industrial assignment. 18 U.S.C. 4126, however, provides for discretionary compensation to inmates working in Industries. Under this authority, inmates of the same grade jobs, regardless of the basis of pay (hourly, group piece, or individual piece rates) shall

© 2009 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| HOWARD HALEY, | ] |
| Plaintiff, | ] CIVIL ACTION NO. _____ |
| vs. | ] COMPLAINT |
| | ] JURY TRIAL DEMANDED |
| ANTHONY HAYNES, Warden, | ] |
| DEBORAH FORSYTH, AW, SOI & E, | |
| ROBERT COUSSON, Factory Mngr., | ] |
| LISA OGNILLA, Supervisor, | ] |
| FEDERAL PRISON INDUSTRIES, | |
| Defendants. | ] |
| | ] |

Preliminary Statement

This is a civil action filed pursuant to **Title II of the American with Disability Act, 42 U.S.C. §12132 and The Rehabilitation Act, 29 U.S.C. §794(d)** by Howard Haley, a District of Columbia prisoner, alleging discrimination and violation of his due process rights under the United States Constitution.

Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of his rights under the American with Disability Act and the Rehabilitation Act and his due process rights under the United States Constitution. **See 28 U.S.C. §1331.**

Parties

2. The plaintiff, Howard Haley, is a District of Columbia prisoner currently incarcerated at Jesup Federal Correctional Institution;

(a) Plaintiff is a qualified individual under Title II of the American with Disability Act by virtue of his disability, i.e., the limited use of his right hand.

(b) That as a direct and proximate cause of the Defendant's unconstitutional acts, plaintiff was precluded from further participation in a Congressional

rehabilitation program and denied the benefits of said program, i.e., work skills and extra good time for working in Federal Prison Industries based on his handicap;

(c) Plaintiff, was excluded, denied the benefits of participation in Federal Prison Industries work program based on his pronounced disability and that the Defendants herein failed to provide reasonable accommodation based on his handicap.

(3) Defendant Anthony Haynes is employed by the Bureau of Prisons as the warden of Jesup Prison Complex and is directly responsible for the overall operations of said complex. He is sued in his individual and official capacity.

(4) Defendant Deborah Forsyth is employed by the Bureau of Prisons as an Associate Warden her duties include the supervision of industries. She is sued in her individual and official capacity.

(5) Defendant Robert Cousson is employed by the Bureau of Prisons as a factory manager his duty includes the day to day operation of the federal prison industries factory at Jesup. He is sued in his individual and official capacity.

(6) Defendant Lisa Ognilla is employed by the Bureau of Prison as a supervisor in federal prison industries her duties includes the supervision and accountability of inmates assigned to her detail. She is sued in her individual capacity.

(7) Defendant Federal Prison Industries is a entity promulgated by congressional act and is directly responsible for providing work programs for inmates to aid in their rehabilitation. Said entity is sued in its official capacity.

(8) At the Defendants have acted, and continue to act, under color of law at all times relevant to this complaint.

(9) Plaintiff have worked in Federal Prison Industries for over 48 months both at Atalanta and Coleman USP and at all times received satisfactory work evaluations.

Issue an injunctive ordering the defendants to:

1. Immediately reassigned to Federal Prison Industries in a position consistent with his disability.

B. Award compensatory damages in the following amounts.

1. $250,000 jointly and severally against defendants Forsyth, Cousson and Ognilla for their discriminatory acts and denial of reasonable accommodation.

2. $150,000 against defendant Haynes for his failure to protect plaintiff against the defendants discriminatory acts when brought to his attention.

3. $500,000 against Federal Prison Industries for their discriminatory practices towards disabled persons and failure to provide work programs for disabled inmates at Jesup.

C. Award punitive damages in the following amounts:

1. $50,000 against each defendants named herein for their discriminatory acts, failure to provide reasonable accommodation and depriving plaintiff the opportunity of earning extra good time credit.

D. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully Submitted,

Howard Haley
Reg.#12029-007
Jesup F.C.I.
2680 Hwy 301 S
Jesup, GA 31599

(10) On Augsut 7, 2009, Plaintiff realizing that defendant Ognilla and Cousson were taking preparatory steps to have plaintiff terminated based on his disability herein placed defendants Forsyth and Cousson on notice that he was disabled and he was physically unable to perform the current job assignment and requested to be accommodated based on said disability. **See Exhibit A (Inmate request to staff member).**

(11) On August 7, 2009, plaintiff was terminated based on his inability to meet the job quota based on his disability.

(12) That although defendant Haynes did not commit the discriminatory acts and due process violations, he became responsible for them when he failed to correct them in the course of his supervisory responsibilities. A supervisor who learns of a constitutional violation through a report or appeal may be held liable for failing to correct it. **See Lewis v Smith,** 855 F.2d 736 (11th Cir. 1988).

(13) Plaintiff have exhausted his administrative remedies by filing a BP-8, BP-9, BP-10 and BP-11 and adopts and incorporate same as if expressly rewritten herein as statement of the facts. **See Exhibit B (administrative remedies)**

**Relief Requested**

**WHEREFORE,** plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The termination of the plaintiff by the defendants violated the ADA and Rehabilitation Act and his due process rights to reasonable accomodation.

2. Defendant Haynes failure to prevent the discriminatory acts violated the plaintiff's constitutional rights.

3. That Federal Prison Industries failure to provide work opportunities for disabled inmates violates the American with Disability Act and Rehabilitation Act.

## VERIFICATION

I **Howard Haley,** is a District of Columbia prisoner and is disabled by virtue of a disability to his right hand. I further aver that the facts as stated herein are true and correct to the best of my knowledge and recollection.

Submitted by,

*Howard Haley*
Howard Haley

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Howard Haley, hereby aver and declare that the below statements are true and correct and is submitted pursuant to pains and penalty of perjury, 28 U.S.C. §1746. I further aver that I am the complainant herein.

1. I have worked in Federal Prison Industries("Unicor") for more than 48 months despite my disability.

2. That prior to been employed by Unicor at Jesup it was more than obvious that I suffered a disability.

3. That I was assigned a job that required me to turn/flip 1800 shirts per day due to my disability I was able to accomplish approximately 900 per day.

4. That on or about August 6, 2007, defendants Robert Cousson and Lisa Ognilla spoke to me concerning my inability to turn/flip 1800 shirts per day.

5. That I advise defendants Cousson and Ognilla that while I was able to flip the shirts my handicap limit me to the amount I could accomplish.

6. That defendants Cousson and Ognilla advise me to find another job.

7. That on August 7, 2009, I personally spoke to defendant Forsyth and delivered her a inmate request concerning preparatory steps been taken to fire me from Unicor.

8. That defendant Forsyth advise me that I would not be terminated as she would find another position for me.

9. That despite the fact that the positions I felt I would be able to perform as required were filled by other inmates without a disability defendants Forsyth, Cousson and Ognilla failed to accommodate affiant herein.

10. That based on information and belief, defendants Forsyth, Cousson and Ognilla discriminated against affiant because of his disability.

11. That defendants Forsyth and Cousson contrary to Congressional intent operates Jesup Unicor as a sweat shop designed not to provide work skills to inmates but one geared at profit such as to receive bonuses.

12. That affiant have received satisfactory work evaluations while working in Unicor at Atlanta and Coleman USP's.

13. That at no time did affiant refused any work assignment as such refusal is a violation of Bureau of Prisons rules.

**AFFIANT FURTHER SAYETH NAUGHT**

Submitted by,

*Howard Haley*
Howard Haley, Affiant

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing complaint and affidavit in support was hand delivered to prison authorities for mailing to the Office of the Clerk, U.S. District Court, P.O. Box 1636, Brunswick, Georgia, 31412, this 4TH. day of August 2010, for delivery via U.S. Mail first class.

Submitted by,

Howard Haley
Howard Haley