UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUN 13 AM 8:43
CLERK
SO. DIST. OF GA

CASE No.: Cv210-122

HOWARD HALEY,

    Plaintiff,

vs.

HARLEY LAPPIN; ANTHONY HAYNES;
ROBERT COUSSON: DEBORAH FORSYTH;
BUREAU OF PRISONS: AND FEDERAL
PRISON INDUSTRIES;

    Defendants.

_____/

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendants' herein have filed a Motion to Dismiss. In support thereof, Defendants' advance three grounds upon which this Court should dismiss the above cause of action: (1) Failure to Exhaust Administrative Remedies; (2) Insufficiency of Service of Process as to Defendant's Federal Bureau of Prisons and Harley Lappin; and (3) Under Bivens Defendants' would be entitled to qualified immunity. For the below stated reasons Defendants' motion should be DENIED and the matter be scheduled for trial.

1. Where as here Defendants' have filed a motion to dismiss, this court is charged with construing the complaint liberally in favor of plaintiff taking all facts alleged by the plaintiff as true. **Miree v Dekalb County**, 453 U.S. 25, 27 n.2, 97 S.Ct. 2490, 2492, 53 L.Ed.2d 557 (1977).

2. This Court in conducting the mandatory screening as required

under 28 U.S.C. §1915A, have already determine that the "allegations, when read in a light most favorable to the plaintiff, arguable state a colorable claim for relief under 28 U.S.C. §1331, 28 U.S.C. §1915A, the Rehabilitation Act, and the ADA, against the Defendants. Plaintiff is cognizant of the fact that the Court in conducting the analysis did not include Defendant Lappin or the Federal Bureau of Prisons. Defendants' have offered nothing that could prevail upon this Court to chart a new course.

3. The granting of a motion to dismiss is disfavored and rare. **Sosa v Coleman**, 646 F.2d 991, 993 (5th Cir. Unit B 1981). Moreover, it cannot be said that Plaintiff can prove no set of facts which would deny him the relief he seeks. See **Dykes v Hoseman**, 743 F.2d 1488, 1499 (11th Cir. 1984).

4. Defendants' speciously contends that Plaintiff have failed to exhaust his administrative remedies as required by 28 C.F.R. §39.170(d)(4). It is rather disingenuous of Defendants' to assert such a defense, i.e, "failure to exhaust," when Defendants' clearly misled Plaintiff to believe that he had fully exhausted his remedies.

5. To be sure, Plaintiff submitted his BP-9 request to Defendant Haynes, although denying relief Defendant Haynes advise Plaintiff that if he was dissatisfied with his response he had 20 days in which to take an appeal to the Regional Office. Similarly, after submission of Plaintiff's appeal to the Regional Office and subsequent denial, Plaintiff was again advised that he had 30 days in which to appeal to Central Office. However, Central Office in denying Plaintiff's appeal failed to provide

Plaintiff with any further direction. Suffice it to say, Defendants' purposefully and systematically have engineered a scheme in which to preclude the Court from reviewing claims under the ADA. Defendants' malfeasance cannot be sanctioned by this Court. The doctrine of "unclean hands" must be applied sub judice.

### 1. Plaintiff Have Plausibly Allege That He is A Qualified Individual With A Disability

Defendants' attempt to misconstrue Plaintiff's submissions must fail. Defendants' argue from the stand point that Plaintiff was not required to lift more than 10 pounds. Plaintiff made no assertion. What Plaintiff asserted is that his right hand is disfigured which restricted his ability to perform as others. Plaintiff's handicap is so pronounced one would have to be blind not to recognize same. Simply put, Defendants' fail to recognize that they fail to have differring standard but operate under one size fits all regardless of one physical capabilities.

Defendants' were aware of Plaintiff's disability, refused to provide a requested reasonable accomodation and have failed to show that the proposed accommodation would interfere with the stated goals of providing meaningful work for inmates such as to provide inmates with the opportunity to acquire the knowledge, skills, and work habits which will be useful when released from the institution.

## 2. Haley Have Shown That He Has A Substantial Impairment

Plaintiff have a pronounced physical impairment which substantially limits one or more major life activities(work); (2) has a record of such impairment(**Exhibit 1**) and (3) is regarded as having such an impairment. Defendants' contention that Plaintiff previously worked in Unicor for 48 months, which suggests that he does not have a "substantial" impairment to working. Defendants' simply overlook the fact that Plaintiff while participating in other Unicor programs did so within his limited capabilities.

## 3. Haley Have Shown That he Requested and Was Denied A Reasonable Accommodation

Defendants' overlook the fact as their won record will show, Plaintiff was not given the chance to request another position as he was FIRED the very next day after his reassignment. Plaintiff personally hand delivered his BP-8 request to Defendant Forsyth advising her of the fact that his disability was becoming a problem. Of import this Court should note that Unicor is a federal program and not a work place per se.

### a. Haley's Request to Be Assigned Constitute a Request For A Reasonable Accommodation

Defendants' apparently misstates the fact when stating that "acceptance into the UNICOR program does not depend upon a job application, but it does depend on certain procedures that govern's one's place on the waiting list." **See Ex. 2(Job Application).** The skill position in Unicor are limited, flipping shirts, turning sleeves and cleaning-up are not skilled positions which would greatly impact the Unicor program to which reassignment could not be accomplished and maintain the goal of

program.

b. Haley Did Not Request That His Quota Be Cut in Half

Plaintiff made known what he believes his physical capabilities would allow him to complete, which in this case amounts to 50% of the goal set for "flipping shirts". As previously stated Defendants' failed to have a quota for abled and disabled persons but operate the program as one size fits all. What is evident is that UNICOR, Jesup, have an animus towards disabled prisoners participating in the work program. This conclusion is not far fetched as provisions would be made to accommodate prisoners' with disability, i.e., one hand, wheel chair bound, blind etc. etc. Contrary to Defendants' position, Plaintiff never requested that another inmate be reassign half his duties. Plaintiff merely requested a quota consistent with his disability or reassignment to a position conducive with said disability.

D. DEFENDANTS ARE LIABLE

The Supreme Court has extended the reach of the ADA to disability discrimination against prisoners. **See Pennsylvania Dep't of Corr. v Yesky**, 524 U.S. 206, 212 (1998). While it may be true that Plaintiff cannot be afforded neither punitive or compensatory damages does not preclude this Court from issuing an injunction against the Defendants for their unconstitutional acts.

E. Plot to Fire Plaintiff

Defendants' overlooks the fact that Plaintiff was called by Supervisor Ognilla and Factory Manager Cousson who spoke to him about his job performance and gave him a write up. Indded, his

96 form(termination) succinctly shows that Ognilla, Forsyth and Cousson all signed same. Ms. Ognilla was dropped as a defendant in these proceedings because at all times relevant she was acting at the directive of her immediate supervisor, Cousson.

F. Haley State A Bivens Claim

Defendant asserts that Plaintiff sights to no authority suggesting that it was clearly established at the relevant time that the RA applies to inmates in federal prisons. However, Defendants' conveniently overlook the fact that the Supreme Court had made it absolutely clear that the ADA applies to prisoners. **Yesky,** 524 U.S. 212 (1998). Defendants' attempts to distinguish state prisoners from federal prisoners defies logic and common sense. The rights were clearly established and Defendants' violated Plaintiff's due process rights as defined under the constitution and as a consequence of said violation deprive Plaintiff of equal protection.

G. Supervisor Liability

As discovery will undoubtedly show documented grievances will succinctly show that there is and still remains a widespread abuse in the Unicor program. That Defendants' Haynes and Lappin were made aware of the discriminatory acts been perpetuated in Unicor and failed to address same. Defendant Haynes at a minimum knew of the discriminatory acts that were taken place under his nose but instead turn a blind eye and characterize said complaints as prisoners being prisoners.

The Defendants' ate not entitled to qualified immunity, the laws was clearly established at the time of the violation. Both the American with Disability and Rehabilitation Act precluded

the discrimination against persons with disabilities. **Yesky**, 524 U.S. 212 (1998).

## CONCLUSION

In Defendants' initial pleadings they asserted that their conduct was merely a "mistake" or "misunderstanding". Defendants' attempt to chart another course must be rejected. The law was clearly established, indeed, their very own Policies prohibits discrimination based on one's handicap. Plaintiff should be allowed to commence discovery.

Submitted by,

*Howard Haley*
Howard Haley
Reg.#12029-007
Jesup F.C.I.
2680 Hwy 301 S.
Jesup, GA 31599

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on 10th day of June, 2011, I personally hand delivered a true and correct copy of the foregoing instrument affixed with sufficient postage to effectuate delivery upon counsel for Defendants' to Prison Authorities for delivery upon:

Melissa Mundell, AUAS
P.O. Box 8970
Savannah, GA 31412

*Howard Haley*
Howard Haley

# FCI JESUP
# FEDERAL PRISON INDUSTRIES/ UNICOR

## APPLICATION FOR UNICOR

Ex.-"A"

NUMBER: _____     UNIT: _____

NAME: _____     _____
             FIRST                                    LAST

CURRENT WORK ASSIGNMENT: _____

PRIOR UNICOR:   YES   NO

SPECIAL SKILLS: _____

_____          _____
     SIGNATURE                          DATE

Complete the information above and place the application in the wooden box in front of UNICOR.

============ DO NOT WRITE BELOW ============

GED:   YES   NO   PRM

FRP:   YES   NO   $ _____

SPECIAL PLACEMENT:   YES   NO   _____

100 or 200 SERIS IR   YES   NO

## Waiting Lists

**P/UNICOR** (Prior UNICOR)

**IFR** (FRP Priority)

**UNICOR** (General)

**UNICOR 4** (Non-Promotable)

# FCI JESUP
# INDUSTRIE DE PRISION FEDERAL / UNICOR

## APLICACION FOR UNICOR

NUMERO: _____     UNIDAD: _____

NOMBRE: _____     _____
　　　　　　　　PIMER　　　　　　　　　　APELLIDO

DONDE TRABAJA: _____

A TRABAJADO UNICOR:     SI     NO

TALENTOS ESPECIALES: _____

_____     _____
　　　　FIRMA　　　　　　　　　　FECHA

COMPLETE LA INFORMACION Y SOMETA EN LA CAJA ENFRENTE DE UNICOR

////////////////// NO ESCRIBA AQUI ABAJO //////////////////

GED:     YES     NO     PRM

FRP:     YES     NO     $ _____

SPECIAL PLACEMENT:     YES     NO     _____

100 or 200 SERIS IR     YES     NO

## Waiting Lists

P/UNICOR (Prior UNICOR)

IFR (FRP Priority)

UNICOR (General)

UNICOR 4 (Non-Promotable)

Ex. B

Ex. B

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: HALEY, HOWARD E | Sex: M  Race: BLACK | Reg #: 12029-007 |
| Date of Birth: [   ] 1948 | Provider: Sexauer, Henry MLP | Facility: JES |
| Encounter Date: 05/23/2011 09:39 | | Unit: C05 |

Evaluation encounter performed at Health Services.

**SUBJECTIVE:**

  **COMPLAINT 1**       **Provider:** Sexauer, Henry MLP
    **Chief Complaint:** Loss of Joint Motion
    **Subjective:** Age 63 yr old AA male was seen for medical evaluation loss of range of motion right elbow, forearm wrist and hand since GSW Shotgun injury 1973. C/o numbness right thumb, index and middle fingers.
    **Pain Location:** Forearm-Right
    **Pain Scale:** 7
    **Pain Qualities:** Intermittent | Nagging | Stabbing | Shooting | Sharp | Pins and Needles
    **History of Trauma:** Yes
    **When:** 1973
    **Injury:** GSW Shotgun blast
    **Mechanism:** GSW
    **Onset:** 5+ Years
    **Duration:** 5+ Years
    **Exacerbating Factors:** None
    **Relieving Factors:** None
    **Comments:** Severed median nerve from GSW

**ROS:**
  Musculoskeletal
    General
      Yes: Elbow Pain, Joint pain, Muscle Aches, Wrist Pain, Muscular Weakness, Stiffness, Wasting or Atrophy
  Neurological
    Sensory System
      Yes: Numbness, Paresthesia, Radiculopathy, Shooting Pain

**OBJECTIVE:**
Pulse:

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 05/23/2011 | 09:44 JES | 85 | Via Machine | | Sexauer, Henry MLP |

Respirations:

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 05/23/2011 | 09:44 JES | 18 | Sexauer, Henry MLP |

Blood Pressure:

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 05/23/2011 | 09:44 JES | 114/75 | Right Arm | Sitting | Adult-large | Sexauer, Henry MLP |

Exam:
  Diagnostics
    Radiology
      Yes: Results

Inmate Name: HALEY, HOWARD E
Date of Birth: [___] 1948
Encounter Date: 05/23/2011 09:39
Sex: M    Race: BLACK
Provider: Sexauer, Henry MLP
Reg #: 12029-007
Facility: JES
Unit: C05

**Exam:**

ABNORMAL Right Hand, Wrist, Forearm, Elbow x-rays: Osseous excresence which nearly bridges the distal radial and ulnardiaphysis which may represent osteochondromas versus post traumatic changes. There is undulating contour of the radila diaphysis which likely represents post traumatic changes. Ballistic fragrements aout the forearm. Mild DJD of the radial carpal, PIPP, DIP and CMC articulations.

**General**
  **Appearance/Nutrition**
    Yes: Appears Well, NAD, Alert and Oriented x 3, Appears in Distress
    No: Appears in Pain, Writhing in Pain, Unkempt, Acutely Ill
  **Affect**
    Yes: Cooperative
**Head**
  **General**
    Yes: Symmetry of Motor Function, Atraumatic/Normocephalic
**Musculoskeletal**
  **Elbow**
    Yes: Joint Deformity, Malalignment, Muscle Atrophy, Inflammation, Olecranon Tenderness, Medial Epicondyle Tenderness, Lateral Epicondyle Tenderness, Decreased Range of Active Motion, Decreased Range of Passive Motion, Locking, Trauma
    No: Full Range of Motion, Normal Bony Landmarks, Symmetric, Normal Active ROM, Neurovascular Intact, Normal Passive ROM
  **Elbow ROM and Tests**
    Yes: Epicondylitis-Medial (Golfer's Elbow), Epicondylitis-Lateral (Tennis Elbow)
    No: Flexion, Extension, Supination, Pronation
  **Radius / Ulna**
    Yes: Deformity - Bony, Deformity - Muscle, Muscle Atrophy, Inflammation, Trauma
    No: Normal Exam, Full Range of Motion, Normal Bony Landmarks, Symmetric, Normal Active ROM, Normal Passive ROM, Neurovascular Intact, Normal Anterior Compartment, Normal Flexor Compartment, Normal Extensor Compartment, Normal Posterior Compartment
  **Wrist/Hand/Fingers**
    Yes: Tenderness, Scaphiod Tenderness (Snuff Box), Decreased Range of Active Motion, Decreased Range of Passive Motion, Locking, Trauma
    No: Normal Exam, Full Range of Motion, Normal Bony Landmarks, Symmetric, Normal Active ROM, Normal Passive Range of Motion, Neurovascular Intact, Joint Deformity
  **Wrist/Hand/Fingers ROM and Tests**
    Yes: Radial Pulse Diminished
    No: Wrist Flexion, Wrist Extension, Wrist Supination, Wrist Pronation, Wrist Ulnar Deviation, Wrist Radial Deviation, Thumb Extension, Thumb Opposition, Thumb Adduction, Thumb Abduction, Finger Flexion, Finger Extension, Finger Adduction, Finger Abduction, Median Nerve Motor Intact, Median Nerve Sensory Intact, Radial Nerve Motor Intact, Radial Nerve Sensory Intact, Ulnar Nerve Motor Intact, Ulnar Nerve Sensory Intact
**Neurologic**
  **Cranial Nerves (CN)**
    Yes: CN 2-12 Intact Grossly
  **Motor System-General**
    Yes: Atrophy, Wasting
    No: Normal Exam, Normal Muscular Bulk, Normal Muscular Tone
        Muscle atrophy noted right forearm post GSW 1973

**ASSESSMENT:**

| Description | ICD9 | Status | Status Date | Progress | Type |
|---|---|---|---|---|---|

| Description | ICD9 | Status | Status Date | Progress | Type |
|---|---|---|---|---|---|
| Other spec anomaly of muscle, tendon, fascia | 756.89 | Current | 03/09/2011 | Not Improved/Same | Chronic |

**Health Problem Comments:**
Muscle Artophy right forearm as result of GSW 1973 Shotgun blast. Inmate claims disability due to limited range of motion right elbow, forearm, wrist and fingers

**PLAN:**

**Disposition:**
Follow-up at Sick Call as Needed
Return Immediately if Condition Worsens
Return To Sick Call if Not Improved

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 05/23/2011 | Counseling | Diagnosis | Sexauer, Henry | Verbalizes Understanding |

**Copay Required:** No     **Cosign Required:** No
**Telephone/Verbal Order:** No

Completed by Sexauer, Henry MLP on 05/23/2011 09:58