FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2011 JUN 27  AM 9:59

CLERK_____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

HOWARD HALEY,               :
                            :
        Plaintiff,          :
                            :
vs.                         :               CIVIL ACTION NO.: CV210-122
                            :
ANTHONY HAYNES; DEBORAH     :
FORSYTH; ROBERT COUSSON;    :
LISA OGNILLA; FEDERAL PRISON:
INDUSTRIES; HARLEY LAPPIN;  :
and FEDERAL BUREAU OF PRISONS, :
                            :
        Defendants.         :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Howard Haley ("Plaintiff"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Complaint pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; the Rehabilitation Act ("RA"), 29 U.S.C. § 794(d); 28 U.S.C. § 1331; and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Defendants filed a Motion to Dismiss. Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he qualifies as a disabled individual under the ADA because he has limited use of his right hand. Plaintiff claims he worked in the UNICOR program for over forty-eight months and always received satisfactory work evaluations. Plaintiff avers that he was assigned a job requiring him to flip 1800 shirts per day, and because

AO 72A
(Rev. 8/82)

of his disability, he could only flip 900 per day.  Plaintiff also avers that he requested to be transferred to another job which he could complete despite his disability, but Defendants terminated Plaintiff from his position and failed to place him in another position that he would have been able to perform despite his disability.  Plaintiff states that Defendant Haynes was not directly involved in firing Plaintiff but had knowledge of his allegedly improper dismissal.  According to Plaintiff, he was discriminated against based on his disability, in violation of the ADA and RA.

Defendants assert that Plaintiff's Complaint should be dismissed, as he failed to exhaust his available administrative remedies prior to filing his Complaint.

I.      **Exhaustion on Plaintiff's ADA and RA Claims**

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss.  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008).  "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action.  Id. (internal punctuation and citation omitted).  A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court.  Id.   Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies.  Id.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff did not exhaust all of his available administrative remedies prior to filing his Complaint.   As a result, Defendants contend, Plaintiff's Complaint should be dismissed.   Plaintiff contends that the Central Office did not give him any direction as to another step he had to complete when the Central Office denied his appeal.   Plaintiff avers that Defendants "purposefully and systematically" "engineered a scheme in which to preclude the Court from reviewing claims under the ADA."   (Doc. No. 43, p. 3).   Plaintiff asserts that this Court should not sanction Defendants' conduct.

42 U.S.C. § 1997e(a) states, "*No action* shall be brought with respect to prison conditions under section 1983 of this title, or *any other Federal law* . . . until such administrative remedies as are available are exhausted." (Emphasis supplied).   In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter v. Nussle, 534 U.S. 516, 523 (2002).  The Supreme Court has noted exhaustion must be "proper."  Woodford v. Ngo, 541 U.S. 81, 92 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524; Booth v. Churner, 532 U.S. 731, 732 (2001).  It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter,

223 F.3d 1259, 1261 (11th Cir. 2000).  The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit.  Id.

While "available administrative remedies" does not mean that the remedies must be adequate, it does mean that the exhaustion process actually must be available to the inmate.  Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).   Indeed, in determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted."  Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (emphasis added).

Executive agencies are prohibited from discriminating on the basis of a handicap in conducting "programs or activities[.]"  28 C.F.R. § 39.101.  The United States Department of Justice established administrative procedures for complaints[1] regarding alleged violations of the ADA and the RA in correctional facilities.  28 C.F.R. §§ 35.170 and 39.170(a).  "Before filing a[n administrative] complaint under this section, an inmate of a Federal penal institution must exhaust the Bureau of Prisons Administrative Remedy Procedure as set forth in 28 CFR part 542."  28 C.F.R. § 39.170(d)(1)(ii). "[Administrative c]omplaints shall be filed within 180 days of the alleged act of discrimination, except that [administrative] complaints by inmates of Federal penal institutions shall be filed within 180 days of the final administrative decision of the

---

[1] The term "complaint", as outlined in this Federal Regulation, is not defined.  See 28 C.F.R. § 39.103 (definitions section for Title 28, Chapter I, Part 39 of the Code of Federal Regulations).  The undersigned takes this term to mean "administrative complaint", as a complaint filed on the basis of this Regulation is to be filed with an appropriate executive agency official.  28 C.F.R. § 39.170(d)(4).  In contrast, under the Federal Rules of Civil Procedure, which govern federal courts, "[a] civil action is commenced by filing a complaint with the court."  FED. R. CIV. P. 3.

AO 72A
(Rev. 8/82)

Bureau of Prisons under 28 CFR part 542. The Official may extend this time limit for good cause shown." 28 C.F.R. § 39.170(d)(3).

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate is required to seek an informal resolution of an issue. 28 C.FR. § 542.13(a). If an informal resolution cannot be had, the inmate can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10"). 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11"). Id.

There is no question that Plaintiff filed a BP-9, BP-10, and a BP-11, thus satisfying the Bureau of Prisons' exhaustion requirements. (Doc. No. 1). The response to Plaintiff's final appeal was dated April 26, 2010, and Plaintiff had 180 days—or until October 23, 2010, to file an administrative complaint regarding his claim of discrimination in violation of the ADA and RA. Plaintiff failed to do so. Plaintiff filed his Complaint (i.e., his civil action) in this Court on August 9, 2010. Therefore, Plaintiff did not exhaust his available remedies prior to filing his Complaint in this Court. Plaintiff's ADA and RA claims should be **dismissed**.

AO 72A
(Rev. 8/82)

II.     **Plaintiff's Remaining Constitutional Claim**

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff does not set forth a viable <u>Bivens</u> claim. Defendants allege that Plaintiff only makes vague references to violations of his constitutional rights and does not enhance his references with additional facts. In response, Plaintiff insists he sets forth a viable <u>Bivens</u> claim.

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V. "In order to establish a violation of the Due Process Clause, a [plaintiff] must have been deprived of a liberty or property interest protected under the Fifth Amendment." <u>Cook v. Wiley</u>, 208 F.3d 1314, 1322 (11th Cir. 2000). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995)).

Plaintiff does not assert that the alleged liberty deprivation changed his conditions of confinement, so it must be determined whether the alleged deprivation imposed an atypical and significant hardship on Plaintiff. Even accepting Plaintiff's assertion that the reason he lost his prison job was based on his disability, he has not shown this loss imposed an atypical and significant hardship on him.

AO 72A
(Rev. 8/82)

In addition, "although the Eleventh Circuit Court of Appeals has never addressed whether a federal prisoner has a protected property interest in his job assignment, those circuit courts that have considered the issue have held that there is no property interest in a federal prisoner's job assignment." Littles v. Lily, No. 3:10cv203/MCR/EMT, 2010 WL 5399215, at *5 (M.D. Fla. Nov. 23, 2010) (citing Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir. 2009); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 & n. 4 (5th Cir. 1995) (federal inmate has no liberty or property interest in job assignment); James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); Garza v. Miller, 688 F.2d 480, 485-86 (7th Cir. 1982); Woodworth v. United States, 44 F. App'x 112 (9th Cir. 2002) (finding that an inmate has neither a liberty nor a property interest in his prison job)); see also, Dawson v. Frias, 397 F. App'x 739, 741 (3d Cir. 2010) (citing James for "well-established principle that prisoners have neither a liberty or property interest in prison employment."). This Court should follow the Second, Third, Fifth, Seventh, and Ninth Circuits, as well as the Middle District of Florida, and determine that Plaintiff cannot sustain a due process claim based on the loss of a prison job. Plaintiff's constitutional claim should be **dismissed**.

It is unnecessary to address the remaining grounds of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**.  It is also my **RECOMMENDATION** that Plaintiff's ADA and RA claims be **DISMISSED**, without prejudice, and that Plaintiff's due process claim be **DISMISSED**, with prejudice.

**SO REPORTED** and **RECOMMENDED**, this 27th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)