IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HOWARD HALEY,

    Plaintiff,

vs.

ANTHONY HAYNES; DEBORAH
FORSYTH; ROBERT COUSSON;
LISA OGNILLA; FEDERAL PRISON
INDUSTRIES; HARLEY LAPPIN;
and FEDERAL BUREAU OF PRISONS,

    Defendants.

CIVIL ACTION NO.: CV210-122

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed by Plaintiff and by the Washington Lawyers' Committee for Civil Rights and Urban Affairs and the Texas Civil Rights Project (collectively *"amici curiae"* or *"amici"*). Defendants filed a Response to these Objections.

Plaintiff contends that, while he admittedly did not comply with the exhaustion procedures, the Magistrate Judge failed to determine whether the "detrimental reliance" doctrine is applicable to his case. According to Plaintiff, the Bureau of Prisons' ("BOP") handbook did not advise him that he was required to make an administrative complaint with the Department of Justice before filing a cause of action in federal court. "A resulting failure to exhaust administrative remedies can be excused if the plaintiff can show a good faith effort to comply with regulations coupled with detrimental reliance on false information from the defendant." Twitty v. Potter, No. 4:07cv107-SPM/WCS, 2008

AO 72A
(Rev. 8/82)

WL 2277825, at *3 (N.D. Fla. May 30, 2008) (citing Justice v. United States, 6 F.3d 1474, 1479 (11th Cir.1993), and Miller v. Potter, 198 F. App'x 794, 796 (11th Cir. 2006)).  "It is an extraordinary remedy that requires more than a showing of due diligence by a plaintiff.  Relief is granted sparingly[,] and it is appropriate in situations where a claimant has been induced or tricked by his adversary's misconduct."  Id. (internal citation and punctuation omitted).  While Twitty related to employment practices and filing with the Equal Employment Opportunity Commission, the proposition for which it stands should be no less applicable to the case sub judice. Plaintiff has not shown that Defendants induced or tricked him into not filing an administrative remedy with the Department of Justice prior to filing his Complaint.

The amici curiae, who only address the exhaustion requirements as are relevant, state in their Objections that Plaintiff only had to comply with the prison grievance procedures to properly exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").  The amici also state that, even if Plaintiff were required to seek administrative actions outside of the prison for his Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims, 28 C.F.R. § 39.170 was not "available" within the meaning of the PLRA.  The undersigned finds Defendants' responses to these contentions more compelling and in line with precedent and this Court's understanding of the same than those advanced by the amici.  However, the undersigned notes that the very language of 42 U.S.C. § 1997e(a) requires a prisoner to exhaust all available administrative remedies before he can bring a cause of action pursuant to 42 U.S.C. § 1983 (the statutory counterpart of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)), or any other

Federal law, which would include the ADA and the RA. The undersigned also notes that the *amici*'s reliance on 42 U.S.C. § 1997e(b) as a clarifying statement is misplaced. This statute merely stands for the proposition that, if a State fails to adopt an administrative grievance procedure, the Attorney General is not authorized to bring a cause of action on that basis. 42 U.S.C. § 1997e(b). Further, the undersigned notes that the *amici*'s contention that inmates have no way to discover 28 C.F.R. § 39.170 and its attendant requirement for administrative procedures for alleged violations of the ADA and RA in correctional facilities is without merit. It has been this Court's experience that inmates have a keen regard for their rights and a fairly firm grasp of the law. Finally, and equally without merit, is the assertion that requiring an inmate with a disability to exhaust additional remedies is a violation of the RA. Requiring that an inmate seeking relief based on alleged violations of the ADA and RA in correctional facilities file an administrative complaint with the Department of Justice is not a burden—it is only a procedural step which must occur before bringing a cause of action in federal court.

The Objections filed by Plaintiff and the *amici curiae* are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's ADA and RA claims are **DISMISSED**, without prejudice, and Plaintiff's due process claim is **DISMISSED**, with prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 12th day of January, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA